## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BERLINDA G.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 4196 |
| v. | ) | |
| | ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) | Maria Valdez |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Berlinda G.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 17] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

### I.  PROCEDURAL HISTORY

On March 8, 2016, Plaintiff filed a claim for SSI, alleging disability since February 23, 2016. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ issued a decision finding Plaintiff not disabled under the Social Security Act. Plaintiff appealed to this Court, and the Court subsequently remanded the matter for further proceedings on October 15, 2021. Following remand, a second hearing before the ALJ was held telephonically on May 11, 2022, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On June 6, 2022, the ALJ again denied Plaintiff's claim for benefits, finding her not disabled under the Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's June 6, 2022 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II.  ALJ DECISION

In the ALJ's June 6, 2022 decision, Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date.

At step two, the ALJ concluded that Plaintiff had the following severe impairments: osteoarthritis; obesity; depression/depressive disorder; generalized anxiety disorder; and post-traumatic stress disorder (PTSD). The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: is limited to only occasional crouching, kneeling, crawling, and climbing of ladders, ropes, scaffolds, ramps, or stairs; is limited to simple, routine, repetitive work tasks performed in a work environment free of fast-paced production requirements; is limited to work involving only simple, work-related decision-making with few, if any, workplace changes; and is limited to brief and superficial interaction with the public and occasional interaction with coworkers and supervisors. At step four, the ALJ determined that Plaintiff has no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

## I.    ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable

3

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir.

2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v.

Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even

in the absence of overwhelming evidence in support: "whatever the meaning of

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not

high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and

means only – 'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019)

(citations omitted). This Court may not substitute its judgment for that of the

Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in

evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also

Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision

must be affirmed even if "'reasonable minds could differ'" as long as "the decision is

adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved

of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838

F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by

substantial evidence, but that standard is not satisfied unless the ALJ has

adequately supported his conclusions."). The ALJ is not required to address "every

piece of evidence or testimony in the record, [but] the ALJ's analysis must provide

some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v.*

*Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III.   ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to sufficiently account for Plaintiff's moderate limitations in concentration, persistence, or pace; and (2) the ALJ improperly rejected the treating psychologist's medical opinions. Each argument will be addressed below in turn.

A.    **Concentration, Persistence, or Pace**

In advancing her first argument, Plaintiff contends that the ALJ's finding of moderate limitations in concentration, persistence, or pace "was not adequately addressed or accounted for in the ALJ's RFC assessment." (Pl.'s Memo. at 3.) In finding that Plaintiff did not have more than a moderate limitation in that functional area, the ALJ reasoned that "her mental status examinations indicate that she had average attention and concentration throughout the period at issue." (R. 628.) As set forth above, the ALJ provided accommodations in the RFC related to Plaintiff's mental limitations, including her limitations in concentration, persistence, or pace. Specifically, the ALJ limited Plaintiff to "simple, routine, repetitive work tasks performed in a work environment free of fast-paced production requirements." (*Id.* 630.) The ALJ further limited Plaintiff to work "involving only simple, work-related decision making and with few, if any, work place changes." (*Id.*)

Despite these restrictions, Plaintiff contends that the ALJ erred in using "catch-all phrases" and asserts that "limiting a claimant to simple tasks does not adequately account for a moderate limitation in CPP." (Pl.'s Memo. at 6-7.) However, an ALJ's use of catch-all phrases (such as "simple, routine tasks") in an RFC, without more, does not necessitate remand. *See Recha v. Saul*, 843 F.App'x 1, 4 (7th Cir. 2021) (noting that the use of boilerplate language, by itself, is not reversible error). Plaintiff and her relied-upon case law harp on the oft-criticized verbiage "simple, routine, and repetitive tasks." The problem for Plaintiff is that, in

7

this case, the ALJ went beyond that language and further accommodated Plaintiff by allowing only few workplace changes and precluding fast-paced work involving production requirements. The Court finds that, in setting forth these specific accommodations, the ALJ's RFC assessment sufficiently accounted for Plaintiff's moderate limitation in concentration, persistence, or pace. *See Martin v. Saul*, 950 F.3d 369, 374 (7th Cir. 2020) ("Although [the claimant] complains that the pace requirements are too vague, there is only so much specificity possible in crafting an RFC. The law required no more.").

Plaintiff also argues that the ALJ erred because, "[d]espite assigning 'great weight' to the medical opinions from the two State Agency psychologists, the ALJ failed to include in the RFC the numerous limitations in CPP opined by these State Agency psychologists." (Pl.'s Memo. at 5.) However, as Defendant points out, the questions in the first section of the agency's mental RFC assessment form (the section containing the limitations Plaintiff apparently relies on) are "merely a worksheet to aid in deciding the presence and degree of functional limitations" and do "not constitute the RFC assessment." (Def.'s Resp. at 5.) Instead, "the actual mental RFC assessment is recorded . . . in narrative format in the final section of the mental RFC assessment form." (*Id.* (internal quotations omitted).) Tellingly, despite having the opportunity to do so, Plaintiff did not file a reply brief and did not challenge Defendant's assertions in that regard. In any event, the Court finds that the ALJ's RFC assessment properly aligns with the State agency psychologists' narrative opinions that Plaintiff is able to understand, recall, and perform simple

tasks, make appropriate judgments, and adapt to routine work pressures and changes. (R. 578, 590.) The ALJ was entitled to rely on those opinions in determining that Plaintiff remained capable of sustaining a range of work despite moderate limitations in concentration, persistence, or pace.

Finally, Plaintiff argues that the ALJ failed to account for her alleged need for extra breaks and off-task time. More specifically, Plaintiff contends that the ALJ erred because he posed a hypothetical to the VE concerning extra break periods but did not include limitations for extra breaks or time off-task in the RFC. As an initial matter, as discussed further below, the ALJ considered (but reasonably discounted) the opinions of Dr. Robert Galligan, including his opinion that Plaintiff would be off task a significant portion of the day. Furthermore, the Court agrees with Defendant that the ALJ was not required to find that Plaintiff had a work-preclusive limitation for extra breaks simply because he asked the VE a hypothetical question at the hearing. Accordingly, the Court finds Plaintiff's arguments pertaining to breaks and off-task time unavailing. *See Kathleen C. v. Saul*, No. 19 CV 1564, 2020 WL 2219047, at *6 (N.D. Ill. May 7, 2020) ("Plaintiff's problem in this area appears to be that of the over-inclusive hypothetical. The fact that an ALJ considers adding a mental limitation to an RFC does not establish that such a limitation is ultimately warranted. . . . [T]he ALJ's hypothetical question to the VE simply proves she gave due consideration to the matters about which she inquired.").

### B.     The ALJ's Assessment of Dr. Robert Galligan's Opinions

For her second argument, Plaintiff contends that the ALJ improperly discounted the opinions of her treating psychologist, Dr. Robert Galligan. Under the "treating physician rule,"[2] an ALJ must give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); *see also Adrian Z. v. Berryhill*, No. 17-cv-4585, 2019 U.S. Dist. LEXIS 129383, at *4 (N.D. Ill. Aug. 2, 2019) ("When an ALJ declines to give controlling weight to a treating physician's opinion, he must provide a sound explanation for the rejection.") (citation omitted). Even if a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308.

In assessing Dr. Galligan's opinions, the ALJ reasoned as follows:

> I accord little weight to the February 28, 2017, and November 2, 2017, opinions from treating source Robert Galligan, Psy.D. Dr. Galligan opined that the claimant's anxiety would inhibit her performance in most areas and that the claimant has serious limitations or is unable to

---

[2] The Social Security Administration has modified the treating-physician rule to eliminate the "controlling weight" instruction. *See* 20 C.F.R. § 404.1520c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) …, including those from your medical sources."). However, the new regulations apply only to disability applications filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1527 ("For claims filed (see § 404.614) before March 27, 2017, the rules in this section apply."). Plaintiff's application in this case was filed in 2016, and, therefore, the ALJ was required to apply the former treating physician rule.

meet competitive standards in all mental abilities and aptitudes needed to do unskilled work, as well as semiskilled and skilled work. He also opined that the claimant's ability to interact appropriately with the public and maintain socially appropriate behavior is seriously limited but not precluded. Dr. Galligan opined that the claimant would find many work demands stressful and that she would miss more than four days of work per month because of her impairments and treatment. Dr. Galligan opined that the claimant would be off-task more than 25 percent of the workday and is incapable of even low stress work. Dr. Galligan's opinion is not consistent with the claimant's treatment records, which document only mild to moderate limitations in all areas of functioning. I note that Dr. Galligan saw the claimant for counseling and that his notes, while mentioning the claimant's history, do not contain much detail and certainly do not contain objective mental status findings. On the other hand, the claimant's psychiatrist at Mercy, Brooks Wilkinson, M.D., provided detailed mental status exam findings. These findings show at a minimum, the claimant with grossly intact mental status exam findings. Suggesting a good response to treatment, I note that later mental exams show the claimant with largely or essentially unremarkable mental status examinations. I also note that the Alivio primary care notes show the claimant with negative depression screens, negative anxiety screens, and unremarkable psychiatric findings. Thus, Dr. Galligan's opinions are not consistent with the longitudinal record as a whole. Thus, I give Dr. Galligan's opinion little weight.

(R. 638-39 (citations omitted).)

This quoted passage reveals that the ALJ offered the requisite sound explanation for discounting Dr. Galligan's opinions, per his explicit reasoning that the opinions were lacking in detail, inconsistent with Plaintiff's treatment records, inconsistent with subsequent mental status examinations, and inconsistent with the record as a whole. Accordingly, the Court concludes that the ALJ gave sufficiently good reasons for discounting Dr. Galligan's opinions and finds that substantial evidence supports the ALJ's decision not to give the opinions controlling weight. *See Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004) ("An ALJ may discount a treating physician's medical opinion if it is inconsistent with the opinion

of a consulting physician, . . . or when the treating physician's opinion is internally inconsistent, . . . as long as he 'minimally articulate[s] his reasons for crediting or rejecting evidence of disability.'") (citations omitted).

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion for summary judgment [Doc. No. 17] is denied.

**SO ORDERED.**                    **ENTERED:**

**DATE:**    **June 6, 2023**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**